UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACQUELINE GRAY, on behalf of herself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>MID-BRONX CCRP EARLY CHILDHOOD CENTER, INC., and MID-BRONX COMMUNITY COUNCIL, INC., d/b/a MID-BRONX COUNCIL, and MID-BRONX COUNCIL SERVICES, INC., d/b/a MID-BRONX SENIOR CITIZENS COUNCIL, and CONCOURSE AREA HOUSING CORP., and WALTER E. PURYEAR, III, individually,<br><br>Defendants. | **COMPLAINT**<br><br>Docket No.: 18-cv-7934<br><br>Jury Trial Demanded |

JACQUELINE GRAY, on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C, as and for her Complaint against MID-BRONX CCRP EARLY CHILDHOOD CENTER, INC., ("Childhood Center"), and MID-BRONX COMMUNITY COUNCIL, INC., d/b/a MID-BRONX COUNCIL, ("Mid-Bronx Council"), and MID-BRONX COUNCIL SERVICES, INC., d/b/a MID-BRONX SENIOR CITIZENS COUNCIL, ("Senior Citizens Council"), and CONCOURSE AREA HOUSING CORP., ("Housing Corp."), (these four, together where appropriate, as "the Corporate Defendants"), and WALTER E. PURYEAR, III, ("Puryear"), individually, (all five, together where appropriate, as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

1

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the NYLL's requirement that employer furnish employees with a wage notice at hire containing specific categories of accurate information, N.Y. Lab. Law § 195(1); (v) the NYLL's requirement that employers furnish employees whose duties including performing manual labor more than 25% of the time with their earned wages not less frequently than on a weekly basis, NYLL § 191(1)(a); (vi) the NYLL's requirement that employers pay their employees an additional one hour's pay at the minimum wage rate if an employees' spread of hours exceeds ten in a workday for beginning to end, or if an employee works a split shift, or if both situations occur, 12 NYCCRR § 142-2.4; and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - four nominally distinct entities located in the Bronx that together operate as a single enterprise to provide community services in the form of child day care, elder care services such as Meals-on-Wheels, and by hosting private community events, and one of the enterprise's owners and managers - - as a manual worker performing various tasks from October 1, 2012 until February 15, 2017. As described below, throughout her employment, Defendants willfully failed to pay Plaintiff the overtime wages lawfully due to her under the FLSA and the NYLL. Specifically, for the entirety of her employment, Defendants required Plaintiff to work up to forty hours per week at Defendants' day care facility, and then to

work many more hours per week as an attendant at Defendants' event space, totaling well over forty hours in a workweek, but failed to compensate Plaintiff at the statutorily-required overtime rate of one and one-half times her regular rate of pay for any hours that she worked each week in excess of forty. Instead, Defendants paid Plaintiff at her straight-time rate of pay for all hours worked each week, including those in excess of forty, by issuing her pay checks from their different entities - - all of which had the same ownership, management, and employees - - to avoid paying Plaintiff overtime compensation by making it appear as if Plaintiff worked no more than forty hours per week for each entity.

3. Additionally, Defendants violated the NYLL by: failing to provide Plaintiff with accurate wage statements on each payday or with any wage notice at her time of hire; paying Plaintiff less frequently than on a weekly basis; and failing to provide Plaintiff with spread-of-hours pay whenever her workday exceeded ten hours from start to finish or when she worked a split shift.

4. Defendants have paid and treated all of their day care workers and attendants in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA. Plaintiff brings all claims under the NYLL on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, that opts in to this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons

similarly-situated during the applicable NYLL limitations period who suffered damages as a result of Defendants' violations of the NYLL and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

10. At all relevant times herein, Defendant Childhood Center was and is a New York corporation, with its principal place of business located at 1125 Grand Concourse, Bronx, New York 10452.

11. At all relevant times herein, Defendant Mid-Bronx Council was and is a New York corporation, with its principal place of business located at 900 Grand Concourse, Bronx, New York 10451.

12. At all relevant times herein, Defendant Senior Citizens Council was and is a New York corporation, with its principal place of business also located at 900 Grand Concourse, Bronx, New York 10451.

13. At all relevant times herein, Defendant Housing Corp. was and is a New York corporation, with its principal place of business also located at 900 Grand Concourse, Bronx, New York 10451.

14. At all relevant times herein, Defendant Puryear was and is an owner of the Corporate Defendants, who controlled the terms of employment of all of Defendants' employees, in that he had the power to hire and fire all employees, supervised and directed employee work, determined the rate and method of wage payments to all employees, and was responsible for maintaining employment records. To that end, Defendant Puryear both hired and fired Plaintiff.

15. At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, during all relevant times, the Corporate Defendants' qualifying annual business exceeded and exceeds $500,000.00, and the Corporate Defendants were and are engaged in interstate commerce within the meaning of the FLSA, as they employ two or more employees, interact with and receive payments from federal government health programs that move across state lines, and order food and supplies from companies outside of New York for their event and day care services, the combination of which subjects the Corporate Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former employees, who during the applicable FLSA limitations period, performed any work for Defendants as day care workers and/or event space attendants, and who consent to file a

claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

17. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

18. At all times during the applicable FLSA limitations period, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

19. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

20. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on her own behalf, as well as on behalf of those who are similarly situated who, during the applicable limitations period, were subjected to violations of the NYLL and the NYCCRR.

21. Under FRCP 23(b)(3), Plaintiff must plead that:

    a.    The class is so numerous that joinder is impracticable;

    b.    There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

c. Claims or defenses of the representative are typical of the class;

d. The representative will fairly and adequately protect the class; and

e. A class action is superior to other methods of adjudication.

22. Plaintiff seeks certification of the following FRCP 23 class:

Current and former employees who performed any work for Defendants during the applicable statutory period as day care workers and/or event space attendants within the State of New York ("Rule 23 Plaintiffs").

Numerosity

23. During the applicable statutory period the Defendants have, in total, employed at least forty employees that are putative members of this class.

Common Questions of Law and/or Fact

24. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendants required and require Rule 23 Plaintiffs to perform; (2) the manner of compensating Rule 23 Plaintiffs; (3) whether Defendants paid and pay Rule 23 Plaintiffs overtime wages at time and one-half their respective regular rates of pay for all hours worked over forty in a week; (4) whether Defendants failed and fail to furnish Rule 23 Plaintiffs with wage statements on each payday accurately containing the information required by NYLL § 195(3); (5) whether Defendants failed and fail to furnish Rule 23 Plaintiffs with accurate wage notices at the time of their hire accurately containing the information required by NYLL § 195(1); (6) whether Defendants paid Rule 23 Plaintiffs less frequently than on a weekly basis; (7) whether Defendants paid Rule 23 Plaintiffs one extra hour of pay at the minimum wage rate on all days when their workday exceeded ten hours from start to finish or when they worked a split shift; (8) whether Defendants have any affirmative defenses to any of

the Rule 23 Plaintiffs' claims; (9) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and NYCCRR; and (10) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

25. As described in the "Background Facts" section below, Defendants employed Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL and the NYCCRR. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants in New York, and Defendants did and do not pay them overtime wages for all hours worked over forty each week, nor did and do Defendants furnish them with proper wage statements or wage notices when the law requires, nor did Defendants pay them at least as frequently as on a weekly basis, nor did Defendants pay them an extra hour of pay at the minimum wage rate when they worked over ten hours in a workday or a split shift. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL and the NYCCRR to be paid all of their earned overtime wages, to be furnished with accurate wage statements on each payday and wage notices upon hire, to be paid at least as frequently as on a weekly basis, and to receive an additional hour's pay at the minimum wage rate when their spread of hours exceeds ten in a workday or they worked a split shift. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and the NYCCRR. Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of prompt compensation or under-compensation due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and the Defendants' defenses to those claims.

### Adequacy

26. Plaintiff, as described below, has worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendants. Defendants regularly failed to pay Plaintiff overtime wages at the rate of time and one-half her regular rate of pay for hours worked over forty each week, did not furnish Plaintiff with accurate wage statements on each payday, did not furnish Plaintiff with an accurate wage notice upon hire, did not pay Plaintiff at least as frequently as on a weekly basis, and did not pay Plaintiff an additional hour's pay at the minimum wage rate when her spread of hours exceeded ten in a workday or she worked a split shift, which is substantially similar to how the Defendants paid and treated and pay and treat the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters pertaining to her raised in this Complaint and that will be raised in the Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

27. Additionally, Plaintiff's counsel has substantial experience in this field of law.

### Superiority

28. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

29. Any lawsuit brought by any day care workers and/or event space attendants of Defendants would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

30. Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

31. The Corporate Defendants are four nominally distinct entities that in reality operate as a single enterprise, in that they all: have an interrelation of operations in providing community services to Bronx-based senior citizens and other low-income residents; comingle and share employees and management between the various entities; are commonly managed by the same personnel, i.e., Defendant Puryear, who both owns and manages the entire enterprise and who personally directed Plaintiff to perform work for/on behalf of the various distinct entities; and are commonly owned and controlled financially by both Defendant Puryear and his mother, Jeannette Puryear.

32. Defendants' business is to provide community services to senior citizens and other low-income residents of the Bronx, which includes operating a day care center, an event space for rental, GED programs, a food pantry, transportation services, and a Meals-on-Wheels program.

33. Defendants operate their enterprise out of at least two buildings in the Bronx - - 1125 Grand Concourse and 900 Grand Concourse - - with Defendants' child day care facility operating out of the former, and Defendants' event space housed in the latter.

34. On or about October 1, 2012, Plaintiff commenced her employment for Defendants as a manual worker, providing "day care" work during daytime hours at 1125 Grand Concourse, and "attendant" work for events at night at 900 Grand Concourse, with each facility located about a fifteen-minute walk from the other.

35. As a "day care worker," Plaintiff's primary duties involved taking care of children at the day care, including cooking for the children and cleaning the space where the children congregated.

36. As an event space "attendant," Plaintiff's primary duties included cleaning, cooking food, delivering food, setting up tables for events, and serving food and drinks for events, such as weddings and parties.

37. In both capacities, Plaintiff spent more than 25% of her time performing manual work including, *inter alia*, cooking, cleaning, performing food service, and physically handling children.

38. Throughout her employment, Plaintiff worked at the day care center from 8:00 a.m. to 4:00 p.m. on Monday through Friday, for approximately forty hours per week.

39. Immediately following her day care shifts, Plaintiff walked down the street to set up for and work through events for Defendants at Defendants' event space. For the first six months of her employment, Plaintiff intermittently worked at Defendants' event space on an as-needed basis. Thereafter, beginning in or around March of 2013, and continuing until the end of her employment, Plaintiff worked at the event space from approximately 4:15 p.m. until typically 10:00 p.m. (but at times well into the early hours of the following morning) on Mondays through Thursdays, and from 4:15 p.m. until as late as 4:00 a.m. on Fridays and Saturdays, for a total of approximately forty-six and one-half hours per week. During some occasions, Defendants also required Plaintiff to work overnight beyond the 4:00 a.m. hour on an as-needed basis to accommodate certain events which in at least two instances, required Plaintiff to work as many as 107 hours in a week, when combined with her time worked at the day care.

40. Thus, Plaintiff typically worked for Defendants for at least eighty-six and one-half hours per week and on occasion many more hours than that.

41. For her work, Plaintiff received multiple paychecks in a bi-weekly pay period from the Corporate Defendants' different individual entities, with each check being for no more than

forty hours of work per week, for which Defendants paid Plaintiff at no more than her straight-time rate.

42. From the start of her employment until December 31, 2014, Defendants paid Plaintiff $8.50 per hour.

43. From January 1, 2015 until December 31, 2015, Defendants paid Plaintiff $8.75 per hour.

44. From January 1, 2016 until December 31, 2016, Defendants paid Plaintiff $10.00 per hour.

45. From January 1, 2017 until the end of her employment February 15, 2017, Defendants paid Plaintiff $11.00 per hour.

46. Even though Defendants required Plaintiff to work, and Plaintiff did in fact work an average of eighty-six and one-half hours per week, Defendants failed to pay Plaintiff at the rate of one and one-half times her straight-time rate for any hours that Plaintiff worked over forty in a workweek.

47. By way of example only, during the consecutive workweeks of October 1 through October 14, 2016, Defendants required Plaintiff to work, and Plaintiff did work, from 8:00 a.m. to 4:00 p.m. on Monday through Friday at the day care center for both weeks, and from 4:15 p.m. to as late as 3:00 a.m. on Monday through Thursday, and 4:15 p.m. to 4:00 a.m. on Friday and Saturday of both weeks at the event space, for a total of 214 hours during these two weeks.

48. During this two-week period, Defendants paid Plaintiff using three separate checks - - the first from Defendant Senior Citizens Council for seventy-nine hours of work, the second from Defendant Mid-Bronx Council for eighty hours, and the third also from Defendant Senior

Citizens Council for fifty-five hours - - which averages 107 hours per week. Defendants paid Plaintiff at her straight-time rate of $10.00 for every hour worked during these two weeks.

49. Defendants always paid Plaintiff on a bi-weekly basis.

50. On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, her overtime rate of pay for all hours worked over forty each week.

51. Additionally, Defendants did not provide Plaintiff with any wage notice upon her hire, let alone one that accurately contained, *inter alia*, Plaintiff's overtime rate of pay as designated by the employer.

52. Further, Defendants required Plaintiff to work a split shift and/or to work over ten hours for most of her workdays, while failing to pay her an additional hour's pay at the then-applicable minimum wage rate on every such day. For example, during the workweek of October 1 through October 7, 2016, Defendants required Plaintiff to work, and Plaintiff did in fact work over ten hours on six separate days. Nonetheless, despite working over ten hours on each of those days, Defendants failed to pay Plaintiff an additional hour's pay at the then-applicable minimum wage rate of $9.00.

53. Defendants treated and paid Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

54. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

55. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

56. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

58. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

59. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

60. Defendants willfully violated the FLSA.

61. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

62. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the NYLL and the NYCCRR*

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

65. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL and the NYCCRR.

66. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

67. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

68. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's overtime provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

69. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

71. As described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, with accurate wage statements containing the criteria required under the NYLL.

72. Prior to February 27, 2015, pursuant to N.Y. Lab. Law § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, in the amount of $100.00 for each workweek after the violation occurred, up to a statutory cap of $2,500.00.

73. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, in the amount of $250.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00.

### **FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

74. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

76. As described above, Defendants failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, with any wage notice at hire, let alone one accurately containing all of the criteria required under the NYLL.

77. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, in the amount of $50.00 for each workweek after the violations initially occurred, up to a statutory cap of $2,500.00.

78. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, in the amount of $50.00 for each workday after the violations initially occurred, up to a statutory cap of $5,000.00.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Pay All Wages on a Timely Basis in Violation of the NYLL*

79. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

80. NYLL §§ 191(1)(a) requires that employers pay their manual worker employees their wages on at least as frequently as a weekly basis.

81. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are manual worker employees within the meaning of the NYLL.

82. As also described above, Defendants failed to pay Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, all wages earned on at least as frequently as a weekly basis as the NYLL requires.

83. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are entitled to any unpaid wages, liquidated damages associated with any missed or late payment, interest, and attorneys' fees for Defendants' violations of the NYLL's requirement to pay all wages to manual workers on at least as frequently as a weekly basis.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Violation of the NYLL's and the NYCCRR's Spread of Hours and Split Shift Requirements*

84. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

85. N.Y. Lab. Law § 652 and 12 NYCCRR § 142-2.4 provide that an employee shall receive one extra hour's pay at the minimum hourly wage rate for: (1) any day worked in which the spread of hours exceeds ten from beginning to end; or (2) any day during which the employee worked a split shift; or (3) when both situations occur.

86. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are employees within the meaning of the NYLL and the NYCCRR.

87. As also described above, Defendants failed to provide Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, with an additional hour's pay at the minimum wage rate on each day when their spread of hours exceeded ten or where they worked a split shift for a particular workday.

88. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are entitled to this extra hour of pay, at the minimum wage rate, for all days worked in excess of ten hours and/or for those days where they worked a split shift.

89. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff that opts in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay the required spread of hours or split shift pay.

## DEMAND FOR A JURY TRIAL

90. Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL as a class action pursuant to FRCP 23;

f. Designation of Plaintiff and her counsel as class/collective action representative under the FRCP and the FLSA;

g. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for the Defendants' unlawful payment practices;

h. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

i. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

j. Pre-judgment and post-judgment interest, as provided by law; and

k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
August 30, 2018

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel.: (212) 279-5000
Fax: (212) 679-5005

By: _____
MICHAEL R. MINKOFF (MM 4787)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)